OPINION
{¶ 1} Defendant-appellant William Thornsburg appeals his conviction and sentence on one count of gross sexual imposition, in violation of R.C. 2907.05 (A)(4).
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 3} From June 1, 2002 to June 26, 2002, defendant-appellant William Thornsburg was alleged to have engaged in sexual conduct with a minor child while living with the child's mother. At the time of the incidents, appellant was babysitting the child while her mother was at work.
 {¶ 4} Following a jury trial, appellant was acquitted on five counts of rape, and found guilty of one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4). The Licking County Court of Common Pleas sentenced appellant to four years incarceration.
 {¶ 5} Appellant now appeals his September 22, 2005 conviction and sentence. A timely Notice of Appeal was filed, and on March 6, 2006, counsel for appellant filed a brief pursuant to Andersv. California (1997), 388 U.S. 924, requesting this Court permit him to withdraw as counsel and indicating the appeal is without merit. Counsel set forth the following potential assignment of error:
 {¶ 6} "I. THE VERDICT OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} Initially we note, the record demonstrates appellant's counsel served appellant with a copy of the brief and request to withdraw.
 {¶ 8} In Anders, supra, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the appeal is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that his client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if an arguably meritorious issue exists. If the appellate court also determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits, if state law so requires. Id.
 {¶ 9} We now turn to appellant's potential assignment of error.
 {¶ 10} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. See also, State v. Thompkins, 78 Ohio St.3d 380,678 N.E.2d 541, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175,485 N.E.2d 717.
 {¶ 11} Appellant was convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4):
 {¶ 12} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 13} * * *
 {¶ 14} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 15} Upon review of the record, the child victim testified at trial as to the repeated sexual encounters with appellant, and the evidence demonstrated the child was under the age of thirteen at the time. The child's mother also testified relative to her discovery of the incidents and the events surrounding the allegations. Further, the State presented the testimony of Detective Kenneth Ballantine of the Newark Police Department relative to his investigation of the allegations, and the victim's description of the incidents. The jury was free to accept or reject any or all of the witnesses' testimony and assess the witnesses' credibility. Accordingly, we find there was sufficient, competent evidence to support appellant's conviction, and the same was not against the manifest weight or sufficiency of the evidence.
 {¶ 16} However, having independently reviewed the record, we find appellant's sentence to be in violation of the United States Supreme Court's decision in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531.
 {¶ 17} At the November 4, 2005 sentencing hearing in this matter, the trial court determined a nonprison sanction would demean the seriousness of the offense, would not adequately protect the public and not adequately punish the defendant. The trial court further found the minimum sentence would be inconsistent with the purposes and principles of sentencing. The court sentenced appellant to four years incarceration.
 {¶ 18} Recently, the Ohio Supreme Court, in State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, found certain provisions of Ohio's sentencing statute unconstitutional because those provisions required judicial factfinding in order to exceed the sentence allowed simply as a result of a conviction or plea. Among these provisions was R.C. 2929.14(B), which provided for more than the minimum prison term.
 {¶ 19} To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court, in Foster, severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at paragraph 97. Thus, the Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph 100.
 {¶ 20} Accordingly, because appellant's sentence is based upon an unconstitutional statute that was deemed void in Foster
supra, appellant's sentence is, therefore, vacated, and the matter is remanded for resentencing in accordance with Foster,
supra.
 {¶ 21} We agree with counsel's conclusion there are no additional meritorious claims upon which to base an appeal of appellant's conviction; therefore, we affirm appellant's conviction, and reverse and remand for resentencing only.
 {¶ 22} Counsel's request to withdraw is hereby granted.
Hoffman, P.J. Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, we affirm appellant's conviction in the Licking County Court of Common Pleas and vacate appellant's sentence and remand the matter for resentencing. Appellant's counsel's request to withdraw is hereby granted. Costs are waived.